**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **EARNESTINE GREEN,** § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-2472-G (BF) |
| **CAROLYN W. COLVIN,** Acting § | |
| **Commissioner of Social Security,** § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Earnestine Green ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments, including torn ligament in her left leg and nerve damage on the right side. *See* Tr. [ECF No. 12-3 at 50-51]. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 22, 2013 in Dallas, Texas before ALJ Gordan Momcilovic. *See id.* [ECF No.12-3 at 40]. Also present at the hearing was Vocational Expert ("VE") Susan Johnson. *See id.* [ECF No.12-3 at 40]. At the time of the hearing, Plaintiff was 54 years old. *Id.* [ECF No.12-3 at 42]. Plaintiff attended college for approximately one year. *See id.* [ECF No.12-3 at 46]. Plaintiff has past work experience as a retail store sales clerk and manager. *See id.* [ECF No. 12-3 at 60]. Plaintiff has not engaged in substantial gainful activity since December 16, 2011. *See id.* [ECF No. 12-3 at 46].

On January 29, 2014, the ALJ issued a decision finding Plaintiff not disabled. *See id.* [ECF No. 12-3 at 33]. The ALJ determined that Plaintiff had the following severe combination of impairments: obesity and mild degenerative disc disease of the lumbar and cervical spine. *See id.* [ECF No. 12-3 at 21]. However, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *See id.* [ECF No. 12-3 at 27]. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). *See id.* [ECF No. 12-3 at 28]. The ALJ determined that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. *See id.* [ECF No. 12-3 at 28]. Further, the ALJ determined that Plaintiff could not climb ladders, ropes, or scaffolds, and can only occasionally stoop, crouch, crawl, kneel, and climb ramps and stairs. *See id.* [ECF No. 12-3 at 28]. The ALJ determined that Plaintiff was capable of performing her past relevant work as a sales clerk, as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. *See id.* [ECF No. 12-3 at 32].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 12-3 at 2]. On June 11, 2015, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 12-3 at 2]. Plaintiff subsequently filed this action in the district court on July 27, 2015. *See* Compl. [ECF No. 1].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be

entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v.*

*Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## **ANALYSIS**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. *See* Pl.'s Br. [ECF No. 17 at 3]. Plaintiff argues that the ALJ failed to include all the limitations relating to her peripheral neuropathy. *See id.* [ECF No. 17 at 3-4]. Plaintiff argues that the medical records support a finding that Plaintiff's knee impairments were severe, and that the ALJ erred in finding that Plaintiff's degenerative joint disease of bilateral knees was non-severe. *See id.* [ECF No. 17 at 4]. *See id.* [ECF No. 17 at 4]. Plaintiff points out the records of her complaints of knee pain to her doctors and argues that objective medical evidence supports a finding of severe degenerative joint disease to both knees, and that this condition was not properly accommodated in the ALJ's RFC Finding. *See id.* [ECF No. 17 at 5-6]; Tr. [ECF No. 12-9 at 40-82; ECF No. 12-10 at 33, 39, 48, 53, 55]. Plaintiff directs the Court's attention to the following medical evidence in support of her arguments: (1) a May 29, 2013 x-ray of Plaintiff's right knee showing minimal enthesophyte formation of the anterior aspect of the patella; (2) an MRI performed on July 25, 2013 showing degenerative joint disease to the right knee; (3) a January 31, 2013 x-ray of Plaintiff's left knee showing "[t]ricompartment degenerative changes with multiple 'loose bodies;'" and (4) a January 30, 2013 record from Parkland noting that an MRI showed degenerative joint disease, medial meniscus tear, and MCL injury to the left knee. *See* Pl.'s Br. [ECF No. 17 at 4]; Tr. [ECF No. 12-9 at 53-55, 81].

Plaintiff also contends that she is unable to stand/walk for six hours as required for light work

due to her severe degenerative disc disease of the lumbar spine, bilateral knee impairments, and obesity, and argues that the ALJ erred by not including a sit/stand option. *See* Pl.'s Br. [ECF No. 17 at 4-5]. Plaintiff points out her complaints of back pain and radiating pain and argues that objective medical evidence supports a finding of severe back impairment. *See id.* [ECF No. 17 at 5]; Tr. [ECF No. 12-9 at 27, 29, 73-83; ECF No. 12-10 at 2-12, 22-25, 33, 38]. Plaintiff further points out that the medical records indicate that she is obese with a Body Mass Index ("BMI") over 36. *See* Pl.'s Br. [ECF No. 17 at 6]; Tr. [ECF No. 12-9 at 68, 79]. Plaintiff argues that these records support her contention that she is severely obese, and that her back and knee impairments limit her ability to sit/stand/walk for extended periods of time. *See* Pl.'s Br. [ECF No. 17 at 6]. Plaintiff argues that because the ALJ's RFC finding did not contain all the limitations from her impairments, the rest of the ALJ's analysis of the sequential evaluation was tainted, and the ALJ's decision is not supported by substantial evidence. *See id.* [ECF No. 17 at 6].

In her response, the Commissioner argues that Plaintiff's subjective complaints of disabling impairments are unsubstantiated by the record, and that the ALJ properly determined that Plaintiff's impairments were not as disabling as alleged and did not preclude her from performing substantial gainful work activity. *See* Def.'s Br. [ECF No. 18 at 3]. With respect to Plaintiff's argument that the ALJ erred at step two in not finding her knee impairments to be severe and not accounting for these impairments in the RFC, the Commissioner argues that the ALJ considered the medical evidence related to Plaintiff's knees, but found that Plaintiff's bilateral knee impairments were not severe, because they did not affect her ability to engage in basic work activities. *See id.* [ECF No. 18 at 4]; Tr. [ECF No. 12-3 at 26-27]. The Commissioner points out that, while the ALJ acknowledged that Plaintiff was diagnosed with degenerative joint disease of the bilateral knees, with a possible

6

meniscus tear on the left knee, the ALJ further noted that the imaging showed that the level of degeneration was only mild in each knee, and that Plaintiff's physical examination did not otherwise show deficits in Plaintiff's knees, aside from occasional tenderness. *See* Def.'s Br. [ECF No. 18 at 4]; Tr. [ECF No. 12-3 at 26; ECF No. 12-8 at 5; ECF No. 12-9 at 39, 45, 53]. The Commissioner refers to Parkland Hospital treatment notes from July 31, 2013 which reported that Plaintiff's left knee did well with conservative management, including injections, and that Plaintiff was not experiencing pain in that knee at that time. *See* Def.'s Br. [ECF No. 18 at 4-5]; Tr. [ECF No. 12-3 at 25; ECF No. 12-9 at 68]. Further, the Commissioner notes that, while Plaintiff complained of right knee pain with ambulation, she denied instability or locking, and that the Parkland treatment notes from July 31, 2013 showed a normal range of motion, no instability, and 5/5 strength. *See* Def.'s Br. [ECF No. 18 at 5]; Tr. [ECF No. 12-3 at 25; ECF No. 12-9 at 68].

The Commissioner refers to a magnetic resonance imaging ("MRI") showing mild chondromalacia and degenerative changes with no obvious tear, and notes that a November 2013 physical examination was unremarkable, with normal muscle tone, normal coordination, good strength in the lower extremities, and normal nerve functions and motor testing. *See* Def.'s Br. [ECF No. 18 at 5]; Tr. [ECF No. 12-3 at 25; ECF No. 12-9 at 53-54, 69]. The Commissioner further notes that Plaintiff was instructed to treat her knees with anti-inflammatories, activity modification, and a home exercise program, and argues that the use of such conservative treatments shows that the severity of Plaintiff's pain was not so great as to preclude light exertional work. *See* Def.'s Br. [ECF No. 18 at 5]; Tr. [ECF No. 12-9 at 67-68]. Furthermore, the Commissioner contends that the record shows that the conservative treatments worked, and argues that a medical condition that can be reasonably remedied by a prescribed treatment is not disabling. *See* Def.'s Br. [ECF No. 18 at 5]; Tr.

7

[ECF No. 12-9 at 68].

With respect to Plaintiff's arguments that her lower back pain and obesity prevented her from being able to perform the six hours of standing/walking required by light work and that the ALJ failed to include all the limitations relating to her alleged peripheral neuropathy, the Commissioner states that the ALJ found that Plaintiff's physical examinations did not show deficits in the areas that would reasonably be expected to involve Plaintiff's lower extremities, and that Plaintiff did not show signs of radiculopathy, neuropathy, edema, or abnormal sensory. *See* Def.'s Br. [ECF No. 18 at 6]; Tr. [ECF No. 12-3 at 31; ECF No. 12-9 at 27, 29, 40; ECF No. 12-10 at 13, 48]. The Commissioner also points out that Plaintiff's examinations showed normal gait and strength. *See* Def.'s Br. [ECF No. 18 at 6]; Tr. [ECF No. 12-9 at 13, 27, 29, 40, 83; ECF No. 12-10 at 13, 41, 45].

The Commissioner states that imaging showed only mild degeneration in Plaintiff's lumbar spine. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-9 at 29]. Further, while imaging showed bulging in Plaintiff's cervical spine, the Commissioner points out that it was without significant spinal canal or neuroforaminal stenosis, and it was unchanged from the imaging performed in June of 2011. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-3 at 30; ECF No. 12-9 at 40, 56-57; ECF No. 12-10 at 33-34]. The Commissioner also states that while physical examinations showed tenderness and decreased range of motion in the lumbar spine, these examinations were otherwise normal, with no signs of peripheral neuropathy, radiculopathy, or plexopath. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-3 at 25, 30; ECF No. 12-9 at 40; ECF No. 12-10 at 13, 48]. With regard to Plaintiff's obesity, the Commissioner points out that, while Plaintiff's BMI was in the range of obesity throughout the relevant time period, it was only in the level one and two ranges. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-8 at 39; ECF No. 12-9 at 27, 40, 68, 79, 83; ECF No. 12-10

at 13, 28, 40].

The Commissioner argues that the ALJ first considered the objective evidence regarding Plaintiff's mild degenerative disc disease of the lumbar and cervical spine, as well as her obesity, and found that Plaintiff's reports regarding her impairments and their impact on her ability to work were only partially credible due to the degree of medical treatment required, the findings made upon examination, and the discrepancies between her claims and the reports of the treating and examining physicians. *See* Def.'s Br. [ECF No. 18 at 6-7]; Tr. [ECF No. 12-3 at 30-31]. The Commissioner points out that the ALJ considered Plaintiff's treatment history, which shows that she was treated conservatively with medication and physical therapy, and argues that conservative treatment does not suggest disability. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-3 at 30].

The Commissioner contends that the ALJ observed the inconsistencies between Plaintiff's statements during the application process and what she reported to her doctors. *See* Def.'s Br. [ECF No. 18 at 7]; Tr. [ECF No. 12-3 at 30]. The Commissioner points out that the ALJ observed that Plaintiff testified that she had very limited activities of daily living and needed to lie down often, but she did not report this degree of limitation to her doctors. *See* Def.'s Br. [ECF No. 18 at 8]; Tr. [ECF No. 12-3 at 30, 53-54]. The Commissioner also states that the ALJ noted that Plaintiff only reported her symptoms intermittently, and told her doctors that she had severe pain in her leg on some days, but was "ok" on other days, and reported in November of 2012 that she was doing well overall, despite her pain. *See* Def.'s Br. [ECF No. 18 at 8]; Tr. [ECF No. 12-3 at 30; ECF No. 12-9 at 39, 82-83]. The Commissioner also states that the ALJ noted that Plaintiff denied other symptoms, such as weakness in June of 2012. *See* Def.'s Br. [ECF No. 18 at 8]; Tr. [ECF No. 12-3 at 30; ECF No. 12-9 at 27]. Further, the Commissioner states that the ALJ noted that, while Plaintiff testified that her

medication caused her fatigue, she did not report fatigue during the application process or to her treating sources. *See* Def.'s Br. [ECF No. 18 at 8]; Tr. [ECF No. 12-3 at 30, 56; ECF No. 12-7 at 21, 40; ECF No. 12-9 at 6, 71, 79].

The Commissioner argues that it is not the Court's duty to substitute its judgment for that of the Commissioner, and that it is the ALJ's sole responsibility to determine Plaintiff's RFC and weigh the evidence. *See* Def.'s Br. [ECF No. 18 at 8]. The Commissioner also argues that the ALJ's RFC determination is consistent with the record and constitutes an appropriate resolution of any conflicts in the evidence. *See id.* [ECF No. 18 at 8]. The Commissioner further argues that the ALJ appropriately accorded greater credence to the weight of the medical evidence than to Plaintiff's subjective complaints and found that she could perform a modified range of light work. *See id.* [ECF No. 18 at 8].

While Plaintiff argues that the ALJ did not adequately consider her knee and spine conditions, the ALJ's decision shows that he carefully considered these conditions, and the medical evidence cited by the ALJ and the Commissioner support the ALJ's conclusions. With respect to Plaintiff's allegation that the ALJ did not sufficiently consider Plaintiff's peripheral neuropathy and obesity, the Commissioner points to medical evidence that support the finding that the associated symptoms did not impede Plaintiff from performing her past relevant work. Further, while Plaintiff argues that the ALJ's decision did not include all of her alleged limitations, as the Commissioner points out, there is evidence supporting the conclusion that Plaintiff does not have limitations to the extent alleged, and the ALJ was not required to discuss every piece of evidence in the record. *See Hunt*, 2013 WL 2392880, at *7.

The ALJ noted that a state agency medical consultant, Shabnam Rehman, M.D., completed

10

a physical RFC assessment in July of 2012 wherein he opined that Plaintiff could perform light exertional work with no non-exertional limitations. *See* Tr. [ECF No. 12-3 30]. In addition, the ALJ noted that another state agency medical consultant, Randal Reid, M.D., affirmed Dr. Rehman's examination in October of 2012. *See id.* [ECF No. 12-3 at 31]. Plaintiff does not refer to opinions from medical providers that contradict these findings. Further, the ALJ took into consideration Plaintiff's inconsistent statements in assessing her credibility, as well as the fact that she was conservatively treated with medication and physical therapy, in finding her allegations of disability to be inconsistent with the objective medical evidence. Plaintiff's subjective complaints must be corroborated by objective medical evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Hous. v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989)).

     As argued by the Commissioner, the Court's role here is not to re-weigh the evidence or substitute its own judgment for that of the Commissioner, but to scrutinize the record to see whether substantial evidence supports the Commissioner's decision. *See Greenspan*, 38 F.3d at 236. It is the Plaintiff's burden to show disability at step four of the sequential analysis. *See Leggett*, 67 F.3d at 564. The ALJ's decision demonstrates that he thoroughly considered the medical record in coming to the conclusion that Plaintiff is able to perform her past relevant work as a sales clerk. The Court is to give great deference to the Commissioner's determination. *See Leggett*, 67 F.3d at 564. Because substantial evidence supports the ALJ's decision, the final decision of the Commissioner should be affirmed.

**RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 29th day of April, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).